Mark K. Kitabayashi, SBN 125822
mkitabayashi@lozanosmith.com
Matthew R. Hicks, SBN 191772
mhicks@lozanosmith.com
LOZANO SMITH
515 South Figueroa Street, Suite 750
Los Angeles, CA 90071
Telephone: (213) 929-1066
Facsimile: (213) 929-1077

Attorneys for Defendants LOS ANGELES UNIFIED SCHOOL DISTRICT and ANI OGANESYAN

LOZANO SMITH
515 South Figueroa Street, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ABRAHAM P., a minor by and through his Guardian Ad Litem, SONIA O,

Plaintiff,

vs.

LOS ANGELES UNIFIED SCHOOL DISTRICT; ONI OGANESYAN in her personal capacity, and DOES 1-10, inclusive,

Defendants.

Case No. 2:17-CV-03105 GW (FFMx)

Assigned to the HONORABLE GEORGE WU

**DISCOVERY MATTER**

**STIPULATED PROTECTIVE ORDER**

1. GOOD CAUSE STATEMENT

Plaintiff Abraham P. ("Plaintiff"), formerly a student at Sophia T. Salvin Elementary School ("Salvin") with Down syndrome, alleges, among other things, that Defendants Los Angeles Unified School District ("District") and former teacher Ani Oganesyan ("Oganesyan") (the District and Oganesyan are referred to collectively herein as "Defendants") have violated the Americans With Disabilities Act, the Rehabilitation Act, and 42 U.S.C. § 1983 by, among other things, failing to accommodate him because of his disability, segregating him from general education classroom settings, and physically abusing him. Defendants deny Plaintiff's allegations, deny his claims for injunctive relief and damages, and deny they have any liability to Plaintiff.

The Parties anticipate that, in the course of discovery and in support of their claims and defenses, they each may rely on confidential information, such as academic and/or performance records, nursing and health records, medical information, psychoeducational evaluations, and individualized education or 504 plans. The Parties, as well as third parties whose confidential or private information may be discussed or referred to within these documents, may be harmed if no protective order is entered to shield against the dissemination of such private, confidential information. Disclosure and discovery activity in this action is likely to involve production of such confidential, proprietary, or private information, which warrants special protection from public disclosure and use for any purpose other than prosecuting this litigation.

2. DEFINITIONS

2.1 Action: The above-titled lawsuit, *Abraham P. v. Los Angeles Unified School District, et al.*, Central District of California Case No. 2:17-CV-03105-GW (FFMx).

2.2 Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and General Counsel (as well as their support staff).

2.5 Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

/ / /

LOZANO SMITH
515 South Figueroa Street, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

2.7 Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, or designated as a non-retained expert.

2.8 General Counsel: Attorneys who are employees of a party to this Action. General Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11 Party or Parties: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record or General Counsel (and their support staffs).

2.12 Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from

LOZANO SMITH
515 South Figueroa Street, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of this Court. This Order does not govern the use of Protected Material at trial. The parties agree to discuss as part of their pre-trial meet and confer obligations whether any protections are needed for documents or information at trial.

4. DURATION

Even after final disposition of this litigation, this Order's confidentiality shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, then that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

/ / /

LOZANO SMITH
515 South Figueroa Street, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced, except for documents or records produced prior to the execution of this Order, which may be so designated at a later time.

Designation in conformity with this Order requires:

(a) for information in documentary form produced after the execution of this Order (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). For information in documentary form produced prior to this Order, the Producing Party or the Receiving Party may make such CONFIDENTIAL designation at a later date.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIAL legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

/ / /

LOZANO SMITH
515 South Figueroa Street, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

A non-Producing Party that wishes to mark as Confidential documents produced by another party may do so within 30 days of service of those documents on the non-Producing Party, by providing to the Producing Party the necessary documents with the Confidential legend, while maintaining any original bates stamping.

(b) for testimony given in depositions that the Designating Party identifies on the record, before the close of the deposition all protected testimony or provides in written form by marking brackets on the transcript of the deposition within thirty days of receipt of such transcript, and serving a copy of the bracketed testimony on the non-Designating Party.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend CONFIDENTIAL. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Either party shall be entitled to correct an inadvertent failure to designate as CONFIDENTIAL up to 45 days after disclosure of the qualified information or material (or in the case of material disclose in a deposition transcript or in exhibits thereto, up to 45 days after the receipt of the transcript). Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rules 7-3 and 37-1 et seq.

LOZANO SMITH
515 South Figueroa Street, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Designating Party or Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, attempting to settle this Action, or in documents necessary to settle or dismiss the Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of CONFIDENTIAL Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Designating Party or Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Designating Party or Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including General Counsel) of the Designating Party or Receiving Party to whom disclosure is reasonably necessary for this Action;

/ / /

/ / /

LOZANO SMITH
515 South Figueroa Street, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during Non-Party depositions, Non-Party witnesses, and attorneys for Non-Party witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as CONFIDENTIAL, that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is

LOZANO SMITH
515 South Figueroa Street, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as CONFIDENTIAL. Such information produced by Non-Parties in connection with this litigation is protected by this Order's remedies and relief. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

/ / /

/ / /

LOZANO SMITH
515 South Figueroa Street, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-

LOZANO SMITH
515 South Figueroa Street, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court. An inadvertent disclosure shall not be deemed to be a waiver of any privilege or protection.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek the Court's modification in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order, including without limitation, at deposition, any hearing or proceeding in this Action, or trial.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If the Court denies a Party's request to file Protected Material under seal, then the Receiving Party may file the information in the public record unless the Court instructs otherwise.

13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material except such abstracts or summaries that are protected attorney work product. Whether

LOZANO SMITH
515 South Figueroa Street, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

LOZANO SMITH
515 South Figueroa Street, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, discovery sanctions. However, before any party seeks to prosecute any violation of this Order, said party must engage in a good faith meet and confer effort to resolve the dispute.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: October 31, 2017

/S/FREDERICK F. MUMM
Hon. Frederick F. Mumm
United States Magistrate Judge